UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN C. CALDWELL, | ) | CASE NO. 1:08 CV 1703 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ELYRIA POLICE DEPARTMENT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Calvin C. Caldwell filed the above-captioned action under 42 U.S.C. § 1983 against the Elyria Police Department, Elyria Jail Superintendent Andy Bolin, Corporal Smarr, and Corrections Officers Rutherford, Riley, Atherton, and Barboza. In the complaint, plaintiff alleges he was physically assaulted at the jail. He requests that the Court investigate the incident, discipline the offending officers, and issue a "Notice to the Public."

**Background**

Mr. Caldwell was a pretrial detainee at the Elyria Jail on March 28, 2008. He claims that he "had been off the telephone in this pod and was off prior [to the time in question] waiting for dinner." (Compl. at 3.) He contends that Officer Riley came to the door of the pod and summoned him. He states that he refused the request. Officer Riley requested assistance and was joined by Officers Atherton and Barboza, and Corporal Smarr. He alleges that the officers got him to the floor, beat him, kicked him, and placed him in handcuffs. He claims he was then taken to the booking area where they left him in a cell for an over an hour. He was denied dinner. He states he was locked down for two weeks during which time, he refused food because it was brought by the corrections officers who assaulted him.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against the Elyria Police Department, Mr. Bolin and Corrections Officer Rutherford are dismissed pursuant to §1915(e).

As an initial matter, police departments are not sui juris and therefore cannot sue or be sued. See Nieves v. City of Cleveland, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987). See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. Id. Mr. Caldwell's claims against the Elyria Police Department are construed against the City of Elyria.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Elyria which may have resulted in the deprivation of a federally protected right of the plaintiff.

An individual defendant cannot be held liable absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Mr. Bolin or Officer Rutherford to any of the claims set forth by plaintiff.

It is possible that Mr. Bolin has been named as a defendant simply because he is the Jail Superintendent and therefore the supervisor of the officers named in the complaint. Respondeat superior is not a proper basis for liability under § 1983. Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir.2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). A claim against a supervisor cannot be based solely on the right to control employees or "simple awareness of employees' misconduct." Leary, 349 F.3d at 903; Bellamy, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual

3

is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays, 668 F.2d at 874). There are no allegations in the complaint reasonably suggesting that Mr. Bolin directly participated in the conduct in question or knowingly authorized it or approved of it.

## Conclusion

Accordingly, plaintiff's claims against the Elyria Police Department, Andy Bolin and Corrections Officer Rutherford are dismissed as pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2] This action will proceed solely on plaintiff's claims against Officer Riley, Officer Atherton, Officer Barboza, and Corporal Smarr. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

 s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.